UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NORTHLAND INSURANCE CO.,      )
                                      )
             Plaintiff,           )    Case No. 12-cv-10201
     v.                          )
                                        )
BOB TRUCKING II, INC.;          )
RETREAD AMERICA, INC.; and     )    Judge John W. Darrah
WILLIAM HOOLE II,           )
                                        )
             Defendants.       )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Northland Insurance Company ("Northland"), moves for Judgment on the

Pleadings pursuant to Federal Rule of Civil Procedure 12(c), against Defendants, Bob Trucking

II, Inc. ("Bob Trucking"); Retread America, Inc. ("Retread America"); and William Hoole II

("Hoole"), with respect to Northland's Amended Complaint for Declaratory Judgment pursuant

to 28 U.S.C. §§ 2201-2202.

On February 19, 2013, Northland's Motion for Entry of Default Judgment against Bob

Trucking was granted. (Dkt. No. 15.) Thereafter, on March 19, 2013, Northland moved for

judgment on the pleadings. (Dkt. No. 18.) Defendants Retread America and Hoole were granted

two extensions of time to file a Response to that motion, amounting to nearly two additional

months of time to respond. (Dkt. Nos. 22, 26.) Despite these extensions, Retread America and

Hoole failed to respond to Northland's Motion for Judgment on the Pleadings. For the reasons

provided below, this motion is granted.

## **BACKGROUND**

Northland, a Connecticut corporation authorized to conduct insurance business in Illinois,

issued a policy of commercial auto insurance to Bob Trucking ("Northland Policy"). (Am.

Compl. ¶ 3.) Bob Trucking is incorporated under the laws of the State of Illinois, with its principal place of business in Wood Dale, Illinois. (*Id.* ¶ 4.) Bob Trucking is in the business of carting freight and transporting merchandise. (*Id.* ¶ 16.) Retread America is incorporated under the laws of the State of Kentucky, with its principal place of business in Florence, Kentucky; Retread is in the business of selling and/or supplying replacement rubber treads for commercial, industrial and/or over-the-road tires. (*Id.* ¶¶ 5, 9.) Hoole, an Illinois citizen, is an employee of Retread. (*Id.* ¶ 6.)

### *The Gaca Complaint*

On or about August 8, 2011, Sylvia Gaca, as administrator of the Estate of Bogdan Gaca, deceased, filed a complaint (the "*Gaca* Complaint") against Retread America and Hoole in the Circuit Court of Cook County, Illinois. (*Id.* ¶ 8.) The *Gaca* Complaint alleges Hoole, as an employee of Retread America, solicited business from the decedent, Bogdan Gaca, and his company, Bob Trucking. (*Id.* ¶¶ 10-11.) The *Gaca* Complaint further alleges that, due to the negligence of Retread America and Hoole, tires were delivered to Bogdan Gaca and that on Novermber 27, 2010, one of those tires ruptured as it was being filled with air. (Am. Compl. Ex. 1, *Gaca* Compl. ¶ 14.) Bogdan Gaca was standing near that tire when it ruptured and forcefully struck him, causing injuries which resulted in his death.[1] (Am. Compl. Ex. 1, *Gaca* Compl. ¶¶ 16, 18.) Due to the negligence of Retread America and Hoole, the *Gaca* Complaint asserts, Bogdan Gaca suffered injuries which resulted in his death on November 27, 2010. (Am. Compl. ¶ 12.)

---

[1] According to the Third-Party Complaint, Bogdan Gaca was filling the tire with air when the injury occurred. (Third-Party Complaint ¶ 11.)

*The Third-Party Complaint*

Retread America and Hoole filed a Third-Party Complaint for Contribution in the Circuit Court of Cook County against Bob Trucking on or about June 27, 2012.  (Am. Compl. ¶ 14.) The Third-Party Complaint alleged Bogdan Gaca was employed by Bob Trucking, and engaged in a transaction with Retread America for the retread of tires.  (*Id.* ¶¶ 17-18.)  The Third-Party Complaint further alleged that Bob Trucking "retained control over the safety of the work being performed on its trucks by its authorized agents, employees and/or representatives, including Bogdan."  (*Id*. ¶ 19.)  The Third-Party Complaint alleges Bob Trucking had a duty to furnish a place of employment free from recognized hazards likely to cause physical harm and had a duty to properly train its employees on safe practices and procedures in servicing tires on its trucks so as to prevent them from causing injury to themselves or others.  (*Id*. ¶¶ 20-21.)  Bogdan Gaca was acting in the scope of his employment with Bob Trucking at the time of the incident.  (*Id.* ¶ 22.)  The Third-Party Complaint states that the accident of November 27, 2010, was a result of one or more negligent acts or omissions on the part of Bob Trucking.  (*Id.* ¶ 24.) Based on Bob Trucking's negligence, Retread America and Hoole assert they are entitled to contribution from Bob Trucking in an amount proportionate with its degree of fault.  (*Id*. ¶ 25.)

*The Northland Policy*

Northland issued an auto liability insurance policy to Bob Trucking for the period of March 26, 2010, to March 26, 2011.  (*Id.* ¶¶ 26-27.)  The Northland Policy provided that Northland would pay all sums the Insured must legally pay as damages due to "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."  (*Id.* ¶ 31.)  The insurance policy did not apply to a bodily injury of an "employee" of Bob Trucking arising out of and in the course of "employment by the 'insured'; or performing

the duties related to the conduct of the 'insured's' business . . . ." (*Id.* ¶ 33.)  The Northland

Policy further provided that Northland had no duty to provide coverage if the insured failed to

give Northland "prompt notice of the 'accident' or 'loss.'" (*Id.* ¶ 34.)  Northland was not given

notice of the November 27, 2010 accident until October 30, 2012.  (*Id.* ¶ 44.)

## LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings permits a party to move for judgment

after both the complaint and answer have been filed, provided the motion is filed early enough to

avoid delaying a trial.  Fed. R. Civ. P. 12(c).  Much like a ruling on a motion under Rule

12(b)(6), all well-pleaded allegations in the complaint are accepted as true and all reasonable

inferences are drawn in favor of the plaintiff.  *Forseth v. Village of Sussex*, 199 F.3d 363, 368

(7th Cir. 2000).

A motion for judgment on the pleadings is decided on the pleadings alone, which

includes "the complaint, the answer, and any written instruments attached as exhibits." *Northern

Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)

(citing Fed. R. Civ. P. 10(c)).  "Where the plaintiff moves for judgment on the pleadings, the

motion should not be granted unless it appears beyond doubt that the non-moving party cannot

prove facts sufficient to support his position." *Housing Authority Risk Retention Group, Inc. v.

Chicago Housing Authority*, 378 F.3d 596, 600 (7th Cir. 2004) (affirming and adopting the

District Court's opinion) (internal quotation marks and citation omitted).

In its Amended Complaint, Plaintiff seeks declaratory judgment pursuant to 28 U.S.C. §§

2201-2202.  28 U.S.C. § 2201 states:

> In a case of actual controversy within its jurisdiction, . . . any court of the United
> States, upon the filing of an appropriate pleading, may declare the rights and other
> legal relations of any interested party seeking such declaration, whether or not

further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

## ANALYSIS

The principal legal issues in this case are: (1) whether the "Employee Indemnification and Employer's Liability" exclusion of the Northland Policy applies to bar coverage for the claims against Bob Trucking in the Third Party Complaint; and (2) whether Bob Trucking breached the "notice conditions" of the Northland Policy.

Bob Trucking is not entitled to coverage under the Northland Policy, because the "Employee Indemnification and Employer's Liability" exclusion is applicable.  That provision specifically provides that the Northland Policy excludes coverage of bodily injury to an "employee" of Bob Trucking arising out of the course of his employment, or while performing duties related to the conduct of Bob Trucking's business.  (Northland Policy at 23.)  The decedent, Bogdan Gaca, was the Corporate President of Bob Trucking.  (Am. Compl. ¶ 40.)  The Third-Party Complaint alleges that at the time of the accident, Bogdan Gaca was filling a tire with air, which was within the course of his employment with Bob Trucking, when he was injured.  (Third Party Compl. ¶¶ 10-11.)  The fact that Gaca was an employee of Bob Trucking and acting within the scope of his employment with Bob Trucking is further supported by the fact that Gaca's estate filed an application for benefits to the Illinois Workers' Compensation Commission, asserting a claim for benefits on the basis that Gaca was an employee of Bob Trucking.  Moreover, the Third Party Complaint contains essentially the same allegations.  (Mot. Ex. A4.)  Accordingly, the Employer Liability Exclusion of the Northland Policy bars coverage of Gaca's injury, as it occurred during the course of his employment with Bob Trucking.

Finally, the Northland Policy provides that, in the event of an "accident" or "loss," the "insured" is required to provide Northland with prompt notice of the "accident" or "loss." Northland was not notified of the accident in the *Gaca* Complaint until October 21, 2012, nearly two years after the accident occurred. (Am. Compl. ¶ 44.) Giving notice of the accident nearly two years after it occurred is not prompt. The Illinois Supreme Court has held that "a provision in an insurance liability policy requiring an insured to give the insurer notice of an accident is a reasonable policy requirement, one which affords the insurer an opportunity to make a timely and thorough investigation and to gather and preserve possible evidence." *Barrington Consolidated High School v. American Insurance Co.*, 319 N.E.2d 25, 27 (1974). Therefore, a breach of the insurance policy's notice requirement will bar the insured from recovery under the policy. *Farmers Auto Insurance Association v. Burton*, 967 N.E.2d 329, 334 (Ill. App. 2012) (citation omitted). Whether notice was given within a reasonable period of time depends on the facts and circumstances of the case. *Id.* In this case, it is uncontested that nearly two years passed before Northland received notice of the accident, and even then, the notice came not from the insured, Bob Trucking, but from Retread America and Hoole, when they filed their Third Party Complaint for Contribution against Northland. (Am. Compl. ¶ 44.) A reasonable person would have presumed that the catastrophic event which resulted in Gaca's death might reasonably give rise to a claim under the Northland Policy. A delay of notice of two years was not a reasonable period of time. Hence, Bob Trucking forfeited coverage under the Northland Policy.

## CONCLUSION

For the reasons stated above, Northland's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) is granted, and judgment is entered in favor of Northland. Bob Trucking is not entitled to coverage under the Northland Policy for the underlying incidents relating to both the *Gaca* Complaint and the Third Party Complaint. Accordingly, Northland owes no duty to defend or indemnify Bob Trucking for the claims made against it in the Third Party Complaint, and Retread America and Hoole have no rights or interests under the Northland Policy as potential judgment creditors of Bob Trucking.

Date: August 27, 2013

JOHN W. DARRAH
United States District Court Judge